## HASHMAN *v.* POLLAK.

1. STREET RAILWAYS—NEGLIGENCE—ABSENCE OF STOP AT SWITCH
   BY CAR.

   Where plaintiff, while standing on the street in a safety zone
   waiting to take a street car, was struck by an automobile and
   knocked under a street car making a turn on a switch, absence
   of stop by the car at the switch and absence of warning or
   signal upon the turn was not want of care toward plaintiff,
   for she was in a place requiring no signal.

2. SAME—RULE OF ORDINARY CARE APPLIES IN ABSENCE OF CITY
   ORDINANCE.

   In the absence of any showing that any ordinance of the city
   imposed any regulation upon the street railway company in

regard to stopping and giving warning signal when making a turn on a switch, the court must apply the rule of ordinary care.

3. APPEAL AND ERROR—DIRECTED VERDICT.

In reviewing a directed verdict in favor of a street railway company charged with negligence in failing to stop the car before making a turn on a switch, although there was testimony that it did stop, the Supreme Court must accept the testimony to the contrary.

4. STREET RAILWAYS—NEGLIGENCE—FAILURE TO STOP AT SWITCH—PROXIMATE CAUSE.

Where, in an action against a street railway company and an automobile driver for injuries inflicted on plaintiff when she was struck by the automobile and knocked under a street car making a turn on a switch, plaintiff charged that the automobile driver saw the street car take the switch, and that he had opportunity to control his automobile but carelessly failed to do so, it cannot be said that failure of the motorman to give signals was a proximate cause of the accident.

5. SAME—CONCURRENT NEGLIGENCE NEGATIVED.

Where an automobile driver struck a pedestrian standing in a safety zone and knocked her under a street car making a turn on a switch, it would be contradictory to hold the automobile driver guilty of negligence because he saw the street car turn to cross his way and carelessly failed to control his automobile, and at the same time hold the street railway company guilty of negligence in failing to give the automobile driver warning in time to enable him to stop his automobile; concurrent negligence being negatived.

Error to Wayne; Murphy (Alfred J.), J. Submitted January 30, 1929. (Docket No. 164, Calendar No. 34,118.) Decided March 29, 1929.

Case by Florence S. Hashman, a minor, by next friend, against Martin Pollak and the Detroit United Railway, a corporation, for personal injuries. From a judgment on a directed verdict for defendant corporation, plaintiff brings error. Affirmed.

*Walter M. Nelson,* for plaintiff.

*William E. Tarsney,* for defendant corporation.

WIEST, J.   While plaintiff was standing in a safety zone, marked upon the pavement of Woodward avenue in the city of Highland Park, waiting for a street car, and while a street car she did not care to take was turning on a switch, near where she was standing, an automobile, driven by defendant Pollak, turned or skidded into the zone, struck and threw her under the street car, where she received injuries resulting in the loss of her left leg.

This suit to recover damages was prosecuted against Mr. Pollak and the Detroit United Railway, it being claimed that plaintiff's injuries were occasioned by the concurrent negligence of both defendants.   The negligence of defendant Pollak is not questioned.   At the close of plaintiff's proofs the court directed a verdict in favor of defendant railway company, and the case against defendant Pollak proceeded to verdict for plaintiff.   By writ of error plaintiff reviews the judgment entered in favor of the railway company.

The car under which plaintiff was thrown by the automobile had come over a switch from the railway night storage yard, and entered the west railway track on Woodward avenue about 300 feet from where plaintiff was standing.   The street car with trailer proceeded south on such track to the south end of the safety zone to take a switch to cross the street to the west and perform service upon another street.   While making the turn over the switch, Mr. Pollak's automobile skidded or turned into the safety zone, and struck and knocked plaintiff from the zone under the front or motor street car, and she was injured by the rear trucks of that car.

In making her proofs plaintiff called defendant Pollak and the motorman and conductor of the street car. Plaintiff claims that the street car made the turn at the switch without stop, warning, or signal, and such was a failure of the care due defendant Pollak in his use of the street. The absence of stop at the switch and of warning or signal upon the turn was not want of care toward plaintiff, for she was in a place requiring no signal. It was not shown that any ordinance of the city of Highland Park imposed any regulation upon the railway company, and, therefore, we must apply the rule of ordinary care. There was testimony that the street car stopped at the switch, and the motorman got out of the car and turned the switch point, but the verdict having been directed, we must accept the testimony to the contrary.

Plaintiff's charge against defendant Pollak was that he saw the street car take the switch, had opportunity to control his automobile, and carelessly failed to do so. In such case it cannot be said that the failure of signals was a proximate cause of the accident. It would be contradictory to hold defendant Pollak guilty of negligence because he saw the street car turn to cross his way and carelessly failed to control his automobile, and, therefore, he struck plaintiff and knocked her under the street car, and at the same time hold the railway company guilty of negligence in failing to give defendant Pollak warning in time to enable him to stop his automobile.

Plaintiff's proofs established Pollak's negligence and negatived concurrent negligence. The automobile did not collide with the street car.

The judgment in the circuit is affirmed, with costs to defendant railway company.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.